Derbigny, J.
delivered the opinion of the court. The defendant has subscribed, conjointly with her husband, a promissory note to the order of the plaintiff. Her husband i- now insolvent, and the plaintiff demands of her the full amount of the note-⅝
⅜ that demapd sftébpposes several objkc-tions, the most important of which are,
1. That she was not authorised by her husband, In the manner required by law, to contract this pretended debt.
2. That supposing such authorizaiion to have been given, the obligation op which she is sued is void, or at least, voidable.
*485 I. The wife chnnot pénfraet without ⅛© .'.... , , , , . , , tbqrisabon. of her husbanch that is the general principle. How is that authorisation to be gLy* . # . ‘ en, is the question to be exari&aeii here. .
It was by the ancient taws,*&nd we believe it is still, required that the authorisation be express, not tacit. La licencia ha de ser expresa⅜ p*ues no hasta la tacita” saj-s Febrero. The plain sense Of which is, that the authorisation must appear from some declaration or apt .of the husband, andshuil not be implied from his silence or taci ta acquiescence. The defendant seems' to think that nothing will amount to an express authorisation, unless the word autho-rise be itself used, and he quotes Pothier, who calls that w>;rd sacrumential, consecrated, indispensable. It appears, indeed, that such was formerly, the general opinion of French juris-consults, within the, jurisdiction of the parliament of Park,-founded, as that of Pothier, n the expressions of the 223d article of the custom of Paris. See Merlin’s Repertoire de jurispr. V. autorisation maritale, sect. 6. But with any opinion, which may have been entertained there, as to the correct interpretation of that article, wit have nothing to do. Our own authors, commenting upon our own laws, have told how an express authorisation is under *486 stood to be given by the husband to the wjfe. With them thf word authorise has no peculiar and exclusive power. . Any expression, or any act, which clearly shews the intention of the husband to authorise his wife, amounts to an authorisation: a construction, we must confers, which, hpwever inferior it may be, in téchnical nicety, is certainly more satisfactory to reason. Among the variety of instances enumerated by I ebrero, where.the authorisatinn, though not called by its name, is deemed sufficiently man lest, is the very case upder consideration. Thp authorisation needs not be expressly mentioned, where husband and wife enter jointly into a contract with a third person, for by that fact itself, it is evident that, the husband gives it, though it is not expressed: Ni la nexesiiá quando ambos juntos de mancomún ortogan algún contrato, con tercero, pues por el mismo hecho es visto dársela, aunque no se ex-prese. Febrero de escr. c. 4, § 4, n. 111. Upon this point, then, there is no difficulty. Whether we follow the doctrine laid down by the Spanish jurists, or the present opinion of the French under the code, the result must be that the concurrence of the husband, in the act, amounts to an express authorisation.
*487 TT. The other question is far more important, i . , , „ and we approach it with dim lenc.e. Has our civil code so altered the former laws, that the wile can now bind herself jointly with her husband in every case absolutely and unconditionally ? '
Our code has, in several places, recognised* in a collateral manner, that the wife may contract debts jointly with her husband. Is that an innovation ? The plaintiff conlends that it is, and relies on the 61st law of Toro,so often cited, as establishirigfthat the wife could not formerly enter into any such contract. It is, therefore, necessary first to resort to that law in ordei to verify whether it contains the alledged prohibition; the words of it are as follows : De aqui ade-lante la muger no se pueda obligar por fiadora de su marido, aunque se diga, y alegue que se convertid la tal deuda en provecho de la muger. Y asimismo mandamos que quando se ubligazen a mancomún, mando y nuger en un coñtrato, ó en diversos, que la muger ne sea obligada d cosa alguna: salvo st• se probare que se convertió la tal deuda en provecho de ella; ca entonces man-üamm que por rata del dictio provecho sea, obli-gada: pero si lo que se convertid en provecho de, ella fue en las cosas que el marido le era obligado cí dar, asi como vestir la y darle de *488 earner, y Ins otras cosas necessarias, mandamos ,que por esto illa no sea obligada a cosa alguna. u prom henceforward, it shall not be íavvft# for wife to bin 1 herself as security for her husband, although it should be alledged that the debt was converted to her benefit; and we do also order that when the husband and wife shall obligate themselves jointly in one eon-tract or severally, the wife shall not be bound in any thing, unless it shall be proved that the debt was converted to her benefit, and she shall then be bound in proportion to what shall have been so applied. But, if the debt so applied to her use, served only to procure that which her husband was obliged to supply;» her with, such as food, clothing and other necessaries, then we say that she shall not be bound in any thing.” The simple reading of that law shows not only that it was not forbidden to the wife to contract jointly with her husband, but that it was expressly recognized that she could. The prohibition, which it contains, is only as to her béfng security for her husband, which is, in 00 case, permitted. But it T positively said that she may contract obligations in solidum with him. The only restriction is that she is bound conditionally ; if the debt is converted to her benefit, she is *489 r bound; i»The contrary «fee ⅜⅛ ⅛⅛⅜. - !? when otír dode speaks ofSeSts>%hich the ipfe may contract jointly with her husbartd; dófes it innovate ? ffo : so far from innovating it mast t>e taker» as referring to the existing laws, for the wife could make stfch contracts before. I>oes it remove the,'“restriction' imposed in such cases? it would, if that restriction was contrary to the dispositions contained in the code* or irreconcilable with them. Is there qny such incompatibility? We eannot perceive any.
We are. therefore, bound to Say, that the re--Sfriction imposed by the Spanish laws on thq obligations,contracted by th^ wife jointly,’with her husband,, has .not ceased to b° in forcé, and that, according to it, when the creditor, wishes to compel her to the performance óf Such an obligation, he must prove that the debt was converted to her benefit. Whether-that restriction was attended with inconvenience is not for us to consider. Our duty is to declare the law, nof to modify it, ,
. In ibis case, therefore, no proof having beéft made that the debt contracted by the defendant jointly with her husband was applied tp her use, in the manner required by law, we must *490 sáy that the plaintifF cannot recover ; and thfs view of the subject precluding the necessity of .investigating the other points of the defence, we dismiss their consideratipn. *
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.* '*> :

 MahAs, X 4id not join, in-this opinion, having some interest thg. decisión pf the question ofl^w arising in it.